**3**

### READING COMPANY, Plaintiff in Error, v. Walter L. RORER, Defendant in Error.

(Circuit Court of Appeals, Third Circuit. December 6, 1926.)

No. 3465.

In Error to the District Court of the United States for the District of New Jersey; William Clark, Judge.

Louis Rudner and Edward L. Katzenbach, both of Trenton, N. J., for plaintiff in error.

Samuel Schneider, of Union City, N. J. (Humphrey J. Lynch, of New York City, and Sol Gelb, of White Plains, N. Y., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. The controlling question in this case is whether the court erred in refusing to give binding instructions in favor of the defendant railroad. A study of the proofs satisfies us it was right in so doing. The defendant railroad's cars were engaged in interstate commerce, and plaintiff was employed as a brakeman by it in handling its cars in a classification yard, and the suit is one wherein it is sought to hold the railroad by reason of the negligence of the plaintiff's fellow workmen. It is conceded plaintiff was engaged in a necessarily hazardous work, and one where he was in large measure bound to be the watchman of his own safety against cars switched or dropped into this yard; but it is sought to differentiate his situation from that of the ordinary worker in such a yard, by showing that in this case he was induced to omit the taking of safety precautions for himself by the promise of his fellow workmen to so handle the incoming train that he would be in no danger. In other words, the plaintiff, before he went between the cars to couple the air hose, was assured by the trainmen of the incoming train that they were about to undertake another train movement, and would consume such time therein as would allow him to go between the cars and couple the hose with safety, but that through the carelessness and neglect of the promising trainmen the incoming train was prematurely, negligently, and without the promised warning thrown into the yard and injured him. Without discussing such proofs in detail, we restrict ourselves to saying that there was proof of such substance given at the trial as to constrain the court to submit to the jury the question whether such assurances

were given, whether they were not kept, whether this constituted negligence on the part of the plaintiff's fellow servants, and, if so, whether such negligence was the cause of the plaintiff's injury.

The judgment is therefore affirmed.